No. 10,820
Orleans

HOUSTON v. LEWIN

(March 18, 1929. Opinion and Decree.)

Bernard Titche, of New Orleans, attorney for plaintiff, appellee.

F. C. Querens, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff sues defendant for $638.11, claimed to be due for services rendered in assisting in planning and supervising the making of certain repairs and alterations to defendant's residence.

Plaintiff claims that he was employed by defendant, who agreed to pay him as his fee, 10 per cent on the total amount of the expenditures.

The defense is that plaintiff was not engaged to assist in the planning of the work or to supervise the construction, but was merely employed as an ordinary carpenter and has been paid for his work as such.

The record convinces us, as it did the trial judge, that plaintiff's contention is correct and that he was employed on a 10 per cent basis as he alleges. We quite agree with the trial judge in his statement that "very little assistance was given to the court by the defendant, who, it seems, had forgotten all the details of the transaction, and had even forgotten whether or not any specific agreement had been made." Defendant's memory is unusually bad, but, fortunately, the record contains correspondence between him and plaintiff, which shows conclusively the nature of the contract.

Defendant contends that there is not sufficient proof as to the amount expended to do the work to justify a recovery by plaintiff.

This question is purely one of fact and the finding of the trial court not only is not manifestly erroneous, but, on the contrary, seems to us to be correct.

Furthermore, the information as to what the work cost was peculiarly within the possession of defendant, and it was his duty to produce it.

Defendant further contends that plaintiff is not entitled to a lien because his contract was for more than $500.00 and was neither reduced to writing nor recorded. We do not agree with this contention, but as the lien was not recognized by the trial court and, as plaintiff has not answered the appeal, the question of the existence "vel non" of a lien is not before us.

Defendant next contends that plaintiff's claim is barred by the prescription of one year, provided for in Section 6 of Act 229 of 1916, which is the building statute in force at the time the work in question was performed. That section reads as follows:

"Section 6. Be it further enacted, etc., That any privilege provided for by this act may be enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated and such right of action shall prescribe within one year from the date of recordation of the privilege in the office of the recorder of mortgages, unless renewed in accordance with law."

Defendant argues that the case of Gleissner vs. Hughes, 153 La. 133, 95 So. 529, is controlling here and is authority for the proposition that the prescription of one year is applicable.

That case involved solely the ranking of liens and mortgages and the question of the right to a personal judgment was not presented.

The section of the act to which we refer applies only to the right to a lien or privilege and in no way limits the time within which a claimant may file suit for a personal judgment against the owner.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed at the cost of appellant.